UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ECOPETROL S.A., AND KOREA NATIONAL
OIL CORPORATION,

                      Petitioners,

   -against-

OFFSHORE EXPLORATION AND
PRODUCTION, LLC,

                      Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

_____ Civ. _____
ECF Case



14 CV 0529

RECEIVED
JAN 28 2014
U.S.D.C. S.D.N.Y.
CASHIERS

# MEMORANDUM OF LAW IN SUPPORT OF PETITION TO CONFIRM
## ARBITRATION AWARDS

COVINGTON & BURLING LLP

The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 841-1000

*Attorneys for Defendant Korea National Oil Corporation*

MAYER BROWN LLP

1675 Broadway
New York, NY 10019
Tel: (212) 506-2500

*Attorneys for Defendant Ecopetrol S.A.*

Petitioners Ecopetrol S.A. ("Ecopetrol") and Korea National Oil Corporation ("KNOC" and jointly with Ecopetrol, "Petitioners" or "Purchaser") respectfully submit this memorandum of law in support of their Petition to Confirm Arbitration Awards.

## PRELIMINARY STATEMENT

This proceeding is brought pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "Convention"), and Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201 *et seq.*, to confirm two arbitration awards and to have the awards entered as a judgment of this Court. A tribunal of arbitrators issued binding, unanimous and final arbitration awards of interim relief ("Awards") in favor of the Petitioners and against Offshore Exploration and Production, LLC ("Respondent" or "Seller"). (*See* Declaration of Scott Chesin, dated January 28, 2014 ("Chesin Decl.") Exs. A & B.) In the first award, the tribunal awarded specific performance of a contractual provision in a stock purchase agreement that required Seller to pay certain taxes due for pre-closing tax periods when those taxes had to be paid. In the second award, the tribunal determined that Seller must pay the first award (in the amount of $75,308,179.03) from its own funds, rather than out of an escrow account established to secure certain indemnification claims.

Section 207 of the Federal Arbitration Act, which implements the Convention, allows the Purchaser to move to confirm these awards within three years of the tribunal's issuance of the awards. The grounds to avoid confirmation are few and extremely narrow, and none apply. Accordingly, this Court should enter judgment confirming the awards.

## FACTS

As set forth more fully in the Petition, in December 2008, the parties entered into a Stock Purchase Agreement ("SPA"), pursuant to which Petitioners, acting as Purchaser, acquired an oil and gas exploration and production business, including a company currently known as Savia

Peru S.A. ("Savia"). The parties agreed in the SPA that any disputes arising out of or relating to the agreement would be settled through binding arbitration. (Chesin Decl. Ex. C at 47.)

The SPA required Seller to pay certain pre-acquisition tax liabilities to SUNAT, a Peruvian governmental authority charged with levying and collecting taxes, when the taxes became due. (Chesin Decl. Ex. C. at 35-37, 41.) Following the close of the transaction, approximately $75.3 million in value added tax ("VAT") came due. (Chesin Decl. Ex. A at 1.) Seller repudiated its obligation to pay these tax liabilities and Purchaser was forced to have Savia pay them instead. (Chesin Decl. Ex. A at 2-4.)

Seller initiated an arbitration within this District under the administration of the International Centre for Dispute Resolution ("ICDR") disputing its obligation to pay the taxes. Seller originally argued that it was not required to reimburse Purchaser for the VAT because: (i) Purchaser purportedly breached its duty to cede control of proceedings contesting the VAT to Seller; and/or (ii) Peruvian courts would compel SUNAT to reimburse the amount that Savia paid, and Seller would ultimately owe Purchaser nothing. (Chesin Decl. Ex. A.) While these claims were pending before the Tribunal, Ecopetrol moved for specific performance, seeking an order requiring Seller to indemnify Purchaser for the VAT, as required by the SPA, and also to pay any future tax liabilities directly when and if they fell due. (Chesin Decl. Ex. A at 2.)

On April 15, 2013, the Tribunal issued a final Interim Award, ordering Seller "to reimburse [Purchaser] for the payment Savia has made to the Peruvian tax authorities" on or before the 30th calendar day following issuance of the award. (Chesin Decl. Ex. A at 7.) In response, Seller conceded its obligation to pay the taxes, but sought to circumvent the Interim Award directing an escrow agent to distribute the funds from an escrow account established by the parties to secure Purchaser's indemnification claims instead of paying the award itself. (*Id.*

at 7-8.) Purchaser objected to Seller's unilateral instruction to the escrow agent, because Purchaser's consent was required before funds could be released from escrow, and payment out of the escrow account would have left Purchaser's other indemnification claims substantially under-secured. (*Id.* at 7-8.)

Seller then filed a complaint in this Court seeking a declaratory judgment requiring the escrow agent to release the approximately $75.3 million from escrow. (Chesin Decl. Ex. B at 2.) After Purchaser moved to stay or dismiss the action pending arbitration, Seller argued that the arbitral tribunal lacked jurisdiction to determine the escrow agent's authority under these circumstances.

After extensive briefing and oral argument, this Court held that it "was for the arbitrators in the first instance to determine whether the Purchaser's claim is arbitrable and, if so, to decide it on the merits." (Chesin Decl. Ex. D at 17-18; 26-28.)

While Seller's declaratory judgment was pending in this Court, Purchaser requested supplemental relief from the Tribunal, including, *inter alia*, a declaration that Seller's instruction to the escrow agent was ineffective and, as a result, that that action did not constitute a tender of performance in supposed compliance with the Interim Award. (*Id.*) On December 3, 2013, the Tribunal issued a second award, deemed an "Interim Award Supplementing First Interim Award of April 2013 Requiring Claimant to Reimburse Respondents for VAT Taxes Pending Final Award on the Merits" ("Supplemental Award"). (Chesin Decl. Ex. B.) In this Supplemental Award, the Tribunal reaffirmed its jurisdiction and the Interim Award and held that Purchaser had the right to reject Seller's attempts to pay the $75.3 million from the escrow account and that Seller must instead pay the award from its own funds. (*Id.* at 7-8 ("Purchaser has demonstrated a right to an order declaring ineffective the Seller's tender of performance in supposed compliance

with the Interim Award. The Seller's payment of the Interim Award will constitute compliance, not its unaccepted offer to pay from the escrowed funds.").) Notwithstanding the Tribunal's ruling, Seller remains in default of its obligation to pay the Interim Award.

## ARGUMENT

Both Awards must be confirmed under Article IV of the Convention and 9 U.S.C. § 207. Section 207 states:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207. It is well established that "[c]onfirmation under the convention is a summary proceeding in nature"; the "district court confirming an arbitration award does little more than give the award the force of a court order." *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007).

The "Court must confirm the arbitration award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award[.]" *Chi Ho Maritime S.A. v. C & Merchant Marine Co. Ltd.*, No. 08-Civ-7997, 2010 WL 1253720, at *2 (S.D.N.Y. Mar. 11, 2010). Seller has no basis to challenge the confirmation here. None of the "limited" "grounds for refusal to confirm" are available. Specifically, there is no basis to support any contention that:

1. The parties to the agreement . . . were . . . under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it . . . ; or

2. The party against whom the award is invoked was not given proper notice . . . of the arbitration proceedings or was otherwise unable to present his case; or

3. The award . . . contains decisions on matters beyond the scope of the submission to arbitration . . . ; or

4. The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties . . . ; or

5. The award has not yet become binding on the parties, or has been set aside or suspended . . . ; [or]

6. The subject matter of the difference is not capable of settlement by arbitration under the law of [the country where recognition and enforcement is sought]; or

7. The recognition or enforcement of the award would be contrary to the public policy of [the country where recognition and enforcement is sought].

*Marker Volkl (Int'l) GmbH v. Epic Sports Int'l Inc.*, No. 12-Civ-8729, 2013 WL 1832146, at * 2 (S.D.N.Y. May 1, 2013).

Seller has admitted in filings with this Court that "*Offshore's liability as fixed by the Award* is final and *beyond dispute in all respects*, including the amount." (Chesin Decl. Ex. E at 8 (emphasis added).)

Consistent with this admission, there is no question that the Awards are final and enforceable. Awards are final when they "purport to resolve finally the issues submitted to [the tribunal]." *Sperry Int'l Trade, Inc. v. Gov't of Israel*, 532 F. Supp. 901, 906 (S.D.N.Y. 1982) (internal quotation omitted). This is true even if the award is labeled an "interim order." *Zeiler*, 500 F.3d at 168.

In *Zeiler*, the Second Circuit held that the district court properly confirmed eight "interim" arbitral orders. 500 F.3d at 168. The defendant claimed that these awards were not final because they were labeled "interim" and each was intended to facilitate "a subsequent final resolution of the substantive commercial disputes between the parties." *Id.* The Second Circuit disagreed. All the interim orders were "final orders" because they "required specific action and do not serve as a preparation or a basis for further decisions by the arbitrators." *Id.* at 169. The orders "finally and conclusively disposed of a separate" claim and "therefore may be confirmed

although they do not dispose of all the claims that were submitted to the arbitration." *Id.* (citing *Metallgesellschaft A.G. v. M/V Captain Constante*, 790 F.2d 280, 283 (2d Cir. 1986)).

Here, as in *Zeiler*, the Awards fix with finality Seller's obligation to reimburse Purchaser for $75.3 million in VAT paid by Savia. The Awards require specific action—payment of the VAT liability in full from Seller's own funds—and do not serve as "basis for further decision by the arbitrators." Thus, even though they do not dispose of all the claims pending before the Tribunal, the Awards constitute final awards. Indeed, Seller has admitted as much repeatedly in its briefs before this Court: "[t]here is simply no further action for the Tribunal to take with its Award, which establishes Purchasers' entitlement to a sum certain that Offshore acknowledges to be final." (Chesin Decl. Ex. E at 19; *see also* Chesin Decl. Ex. E at 7 ("On June 21, Offshore withdrew any contestation of Purchasers' right to indemnification for these taxes, agreeing that the Tribunal's determination of payment would be final and binding as to Offshore's underlying liability."); Ex. E at 2, 3, 21, 23, 30; Ex. F at 2 ("Offshore undisputedly owes Purchasers . . . Offshore not only acknowledges the Award but considers it dispositive[,]), at 8 ("[T]he parties agree that Offshore's liability as fixed by the [Interim] Award is final and beyond dispute in all respects, including the amount.").)

As Seller affirmatively contended, the Awards conclusively resolve Purchasers' motion for an order of specific performance as to the tax liability payments. They are therefore ripe for confirmation.

Finally, there is no basis for arguing that the Awards were "beyond the scope of the submission to arbitration." The parties agreed to resolve "[a]ny dispute, controversy or Action arising out of or relating to the SPA" in an arbitration "administered by the American Arbitration Association in accordance with its International Arbitration Rules." (Chesin Decl. Ex. C, SPA §

10.7.)  As this Court previously held, this a "broad arbitration clause"—one which delegated to the arbitral tribunal the power not only to determine whether it had jurisdiction over the parties' dispute but, "if so, to decide it on the merits." (Chesin Decl. Ex. D at 26.)

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that this Court issue an order confirming the Interim Award and Supplemental Award and directing that these Awards be entered as a judgment of this Court.

Dated:   New York, New York  
        January 28, 2014

Respectfully submitted,

/s/ Scott A. Chesin  
Scott A. Chesin  
Allison M. Stowell  
David J. Lizmi  
MAYER BROWN LLP  
1675 Broadway  
New York, NY 10019  
Tel: (212) 506-2500

William H. Knull, III  
MAYER BROWN LLP  
700 Louisiana Street, Suite 3400  
Houston, TX 77002-2730  
Tel: (713) 238-3000

*Attorneys for Petitioner Ecopetrol S.A.*

/s/ Mark P. Gimbel  
Mark P. Gimbel  
Anthony J. Sun  
COVINGTON & BURLING LLP  
620 Eighth Avenue  
New York, NY 10018  
Tel: (212) 841-1000

Miguel López Forastier  
COVINGTON & BURLING LLP

1201 Pennsylvania Avenue
Washington, DC 20004
Tel: (202) 662-6000

*Attorneys for Petitioner Korea National Oil Corporation*

Case 1:14-cv-00529-JGK   Document 3   Filed 01/28/14   Page 9 of 9